HARRISON H. VOORHEES v. BOROUGH OF NORTH WILD-
WOOD.

Submitted March 18, 1910—Decided June 29, 1910.

A writ of *certiorari* to review an order of a circuit judge setting aside a previous order by which he had appointed commissioners of adjustment of arrearages of taxes, will be dismissed when the order under review was made upon application of the municipal authorities and the case fails to show that there were arrearages subject to adjustment.

On *certiorari.*

Before Justices GARRISON, SWAYZE and PARKER.

*Pro se, Harrison H. Voorhees.*

For the defendant, *J. Spicer Leaming.*

The opinion of the court was delivered by

SWAYZE, J.   Upon application of the mayor and council of the defendant the circuit judge appointed commissioners to adjust unpaid taxes in the borough of North Wildwood pursuant to the act of 1898 (*Pamph. L., p.* 442) as amended in 1901 (*Pamph. L., p.* 364).   The appointment was made October 25th, 1909, and on November 22d, 1909, on a similar application the order of appointment was annulled.   The prosecutor, a taxpayer against some of whose property there were assessments over two years in arrears, considered himself aggrieved and sued out this writ to set aside the last order.   His only special interest is the advantage to be derived from the adjustment of the past due assessments upon his own property.   His testimony is that "the assessment is delinquent more than two years."   The fair inference is that it is not as much as three years in arrears, *i. e.,* that it is no older than 1907.   The act of 1901 is substantially a copy of the supplement of 1891 to the original "Martin act" of 1886.   This act was before us in *Jersey City* v. *Speer,* 49 *Vroom* 34, and we there held it operated only upon arrearages which had accrued prior to the date of its approval.   The prosecutor's assessment therefore was not subject to adjustment and he had no special interest which was adversely affected by the order annulling the appointment of the commissioners.   His general interest as a taxpayer is not sufficient under the circumstances of this case.   The judge of the Circuit Court, under the act of 1898, merely takes part in a municipal proceeding, as in *East Orange* v. *Hussey,* 41 *Id.* 244.   It is well settled that the writ of *certiorari* in such cases where the public interest is involved, is a discretionary writ.   *State* v. *Middletown,* 4 *Zab.* 124.   For this reason a writ of error will not lie to a refusal of the writ (*State* v. *Wood,* 3 *Id.* 560) ; and the court may quash the writ, even of its own motion, after its allowance (*Haines* v. *Campion,* 3 *Harr.* 49), and an order dismissing the writ as improvidently allowed is not liable to review upon a writ of error.   *Weart* v. *Jersey City,* 14 *Vroom* 662.

We think the writ in the present case should in the exercise of our discretion be dismissed. The act of 1898 contemplates that the proceedings shall be instituted by the municipal authorities in their discretion. Since the only possible object of the appointment of adjustment commissioners is to secure an adjustment of the taxes at a sum less than their face and interest, it is manifestly proper that it should be left to the municipal authorities to decide whether they will enforce the full amount of the taxes or have them adjusted at a smaller sum. In the present case the amount unpaid is small, and for all that appears the possible gain to the borough from securing payment of a lesser amount than the face of the taxes is not enough to justify the expense of the commission. Moreover the case leaves it in doubt whether there are any taxes which would justify the appointment of commissioners under the decision in Jersey City *v.* Speer, which has just been affirmed by the Court of Errors and Appeals.

The writ is therefore dismissed, with costs.